UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JACOB BOWLIN, | : | Case No. 1:23-cv-300 |
| Petitioner, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Elizabeth P. Deavers |
| SUMMIT BEHAVIORAL HEALTHCARE, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee at Summit Behavioral Healthcare, in Cincinnati, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1-1). The petition is brought in connection with pending criminal charges in Montgomery County Court of Common Pleas case number 2022-CR-02928. The online docket sheet indicates that on October 25, 2022, petitioner was indicted on charges of assault on a police officer, obstructing official business, and aggravated robbery. The online docket sheet further indicates that petitioner was committed to Summit Behavioral Healthcare on January 26, 2023, on a restorable finding of incompetency.[1] For the reasons stated below, the petition should be dismissed without

---

[1]Review of the Montgomery County, Ohio, Court of Common Pleas online docket indicates that petitioner is facing criminal charges in Case No. 22-CR-02928. On January 26, 2023, the trial court issued an entry finding petitioner incompetent to stand trial and committing him to Summit Behavioral Healthcare. On March 23, 2023, the trial court entered an Order finding that petitioner's competency had been restored but based on a report from Summit Behavioral Healthcare, as well as on petitioner's "request and with his agreement," the Order continued the confinement at Summit to maintain petitioner's competency. (Viewed at: https://pro.mcohio.org/). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

prejudice.[2]

Petitioner raises a single ground for relief in the petition: "Illegal [and] unlawful detainment on October 14/15th, 2022 which le[d] to alleged crimes. 'Was not pink slipped.'" (Doc. 1-1, at PageID 11). Petitioner seeks unspecified relief related to his alleged unlawful detainment. (Doc. 1-1, at PageID 12).

A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

---

[2] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. The rules governing 2254 cases may also be applied to petitions filed under § 2241. *See* Rule 1(b).

2

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989).  *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009).  None of these exceptions apply in this case.  Petitioner's claim does not present the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.  *See Folley v. Banks,* No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (finding no extraordinary circumstances where the petitioner was found to be incompetent to stand trial and was committed for treatment to restore competence).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's *pro se* petition for a writ of habeas corpus be **DISMISSED without prejudice** to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

May 25, 2023                                      *s/ Elizabeth A. Preston Deavers*
                                                                           ELIZABETH A. PRESTON DEAVERS
                                                                           United States Magistrate Judge